■   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES A. O'CONNOR, Appellant.— Judgment of the Court of Special Sessions, New York County, rendered on July 7, 1961, convicting defendant of the offense of disorderly conduct and sentencing the defendant to 60 days in the Workhouse, unanimously reversed and vacated, without costs, on the law and on the facts, and the matter remanded to the Court of Special Sessions, with leave to the defendant, if he be so advised, to apply for withdrawal of his plea of guilty and, in any event, for appropriate action by the District Attorney and the court upon the remand. The jurisdiction of the Court of Special Sessions of the City of New York to accept defendant's plea of guilty to the offense of disorderly conduct and to convict him thereupon depended upon compliance with the provisions of subdivision 9 of section 31 of the New York City Criminal Courts Act. Here, there was a failure to substantially comply with such provisions. Particularly, there was a failure here on the part of the Assistant District Attorney to state in open court and upon the record the reasons for his recommendation for the acceptance of the defendant's plea of guilty to a charge of disorderly conduct. By the very wording of the statute, it would appear that compliance with the statutory provisions in this connection was a condition precedent to the jurisdiction of the court to convict for the offense. (*Cf. Matter of McDonald*

v. *Sobel,* 272 App. Div. 455, affd. 297 N. Y. 679.) In any event, we conclude that, when such noncompliance is raised by the defendant directly on an appeal from the conviction, the conviction with such deficiency in the record should not stand. However, on a withdrawal by the defendant of his plea of guilty to the offense, he will stand charged on the information as filed. Concur — Botein, P. J., Breitel, Rabin, Eager and Bastow, JJ.